


IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MICHAEL GLEN BRAUER, §
§
Plaintiff, §
§
VS. § NO. 4:10-CV-253-A
§
BARBARA ANN BRAUER, §
§
Defendant. §

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of plaintiff, Michael Glen Brauer, to remand. Having considered the motion, the response of defendant, Barbara Ann Brauer, and applicable authorities, the court concludes that the motion should be granted.

I.

Withdrawal of Reference

As an initial matter, it appears that removal of this case is governed by 28 U.S.C. § 1452, concerning removal of claims pertaining to bankruptcy, and by removal procedures in Rule 9027 of the Federal Rules of Bankruptcy Procedure. Although courts are split, the majority view, and that of this court, is that § 1452(a) and Rule 9027(a) contemplate that a state court case

related to a bankruptcy proceeding is to be removed to the bankruptcy court, rather than the district court, especially where, as here, a referral to the bankruptcy court is in place pursuant to 28 U.S.C. § 157(a). See, e.g., Aztec Indus., Inc., v. The Standard Oil Co. (In re Aztec Indus., Inc.), 84 B.R. 464, 468 (Bankr. N.D. Ohio 1987); Indus. Clearinghouse, Inc. v. Mims (In re Coastal Plains, Inc.), 338 B.R. 703, 710 (N.D. Tex. 2006); see also Dist. Ct. Misc. Ord. No. 33. Neither of the parties in their briefs mentioned the propriety of removal directly to this court, rather than the bankruptcy court. Although the court's usual procedure would be to refer the matter to the bankruptcy court for resolution, this court has already expended significant time on the removal and motion to remand. Finding it to be an unnecessary duplication of effort to refer this matter to the bankruptcy court at this stage, the court hereby withdraws the reference and will proceed to resolve this matter on the merits.

II.

Background

Plaintiff instituted this action on July 31, 2009, by the filing of a petition for declaratory judgment in the 233rd Judicial District Court in Tarrant County, Texas, case number 233-462730-09 ("Petition"). In the Petition, plaintiff seeks to

enforce a written agreement between the parties signed September 11, 1998, whereby defendant, in exchange for a one-time lump-sum payment of $42,000, agreed to waive all right to plaintiff's retirement benefits. Despite the agreement, in June 2009, plaintiff received written notice from the Office of Personnel Management that it had processed a claim by his former spouse, the defendant, and his retirement pay would subsequently be reduced by $1550.68. In the Petition plaintiff seeks a "judicial ratification" of the 1998 agreement and asks the court to enjoin the Office of Personnel Management from continuing to pay a portion of his retirement to defendant until the state court suit is resolved.

At the time of the filing of the Petition, defendant was a party to a Chapter 13 bankruptcy proceeding pending in the Northern District of Texas in case number 08-43994-rfn-13 ("First Bankruptcy"). Upon filing of a motion by plaintiff, the bankruptcy court on September 30, 2009, signed an order lifting the automatic stay "for the purpose of allowing [plaintiff] to pursue a Declaratory Judgment and a TRO in . . . Cause Number 233-462730-09 . . . in the 233rd Judicial District Court of Tarrant County, Texas." Mot. to Remand, Ex. 2.

On January 20, 2010, while the state court action was still pending, the bankruptcy court dismissed defendant's First Bankruptcy due to her failure to "timely pay the Trustee Payments specified in the Debtor's Plan . . . ." Mot. to Remand, Ex. 3. On February 1, 2010, defendant filed a second petition under Chapter 13 of the United States Bankruptcy Code, case number 10-40720-dml-13 ("Second Bankruptcy"). On February 19, 2010, plaintiff filed another motion to lift the stay in the Second Bankruptcy, specifically to proceed against defendant in the same state court action, case number 233-463730-09. The bankruptcy court granted the motion and lifted the stay on March 23, 2010.

Defendant removed the case to this court on April 14, 2010, citing as the basis for removal 28 U.S.C. § 1331, and claiming removal was proper under 28 U.S.C. §§ 1441(a) and 1442(a)(1). Defendant maintained that removal was timely under Rule 9027(a)(2) of the Federal Rules of Bankruptcy Procedure. Plaintiff subsequently filed the instant motion to remand, claiming that defendant's removal is defective because (1) it was not timely filed as required by Rule 9027(a)(3) of the Federal Rules of Bankruptcy Procedure, and (2) there is no federal question present in the underlying state court action.

III.

## Analysis

Defendant claims Rule 9027(a)(2)(B) governs removal of this case. Rule 9027(a)(2)(B) provides that

> If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of . . . (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, . . . .

Fed. R. Bankr. P. 9027(a)(2). As the bankruptcy court lifted the stay in defendant's Second Bankruptcy case on March 23, 2010, defendant contends her April 14 notice of removal was timely filed.

Plaintiff, on the other hand, contends Rule 9027(a)(3) applies. Rule 9027(a)(3) provides:

> If a claim or cause of action is asserted in another court after the commencement of a case under the Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Id. at (3). Plaintiff contends that because defendant's First Bankruptcy was pending at the time he filed the Petition, Rule 9027(a)(3) required defendant to remove the case according to its

provisions. Because defendant did not remove the case until long after the applicable time frame, plaintiff contends the removal was untimely.

Neither of the parties has directed the court to authority on point with the unique facts of this case, and the court's own research has located none. The court concludes that absent clear authority on the subject, it will decline to decide the question of which provision of Rule 9027(a) applies. Instead, the court concludes that the most appropriate resolution of this matter is found in 28 U.S.C. § 1452(b), which provides that the court "may remand such claim or cause of action on any equitable ground."

Defendant's First Bankruptcy was dismissed by the Trustee for her failure to make payments according to her own plan. Eleven days after the dismissal of the First Bankruptcy, defendant filed her Second Bankruptcy. The removal time limits in Rule 9027(3) would have applied to the First Bankruptcy, and defendant failed to remove this action within those limits. Although the Second Bankruptcy likely restarted the removal clock, allowing defendant to avoid the application of Rule 9027(a)(3) by her own noncompliance strikes the court as sufficiently inequitable to bring this case within the ambit of 28 U.S.C. § 1452(b).

IV.

Order

Therefore,

The court ORDERS that plaintiff's motion to remand be, and is hereby, granted, and that the above-captioned action be, and is hereby, remanded to the state court from which it was removed.

SIGNED May 26, 2010.

JOHN McBRYDE
United States District Judge